## YAZOO & M. V. R. Co. *v.* JAMES.

### [67 South. 484.]

1. COURTS. *Opinions. Necessity. Statute.*
   The cases in which it is provided by section 4918, Code 1906, that the opinions of the supreme court shall be in writing are: 1, cases settling important principles; 2, cases to be remanded and 3, cases where the judgment or decree of the court below is reversed.

2. SAME.
   The first of these classes may be subdivided into (a) cases involving the application of a new principle, and (b) cases involving a new application of an old principle.

3. SAME.
   To the three classes provided for in this statute there should be added two others; (4) cases involving the application of an old principle of which a restatement has for any reason become necessary, and (5) cases of great public interest and importance not coming strictly within any of the foregoing classes. Where a case comes within neither of these classes, it is not necessary for the court to file a written opinion merely to enable counsel to file a suggestion of error.

APPEAL from the circuit court of Claiborne county. HON. H. C. MOUNGER, Judge.

Suit by Martha James, by next friend, against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals. Motion for written opinion on affirmance of judgment.

The facts are fully stated in the opinion of the court.

*Mayes & Mayes,* for the motion.

*J. McC. Martin,* opposed.

PER CURIAM. This cause was decided at a former day of this term without a written opinion, since which counsel for appellant have filed a motion requesting us to

render such an opinion, for the reason that they desire to file a suggestion of error, and state that they cannot do this advisedly without a written expression of the court's views.

The cases in which it is provided by section 4918 of the Code that the opinions of this court shall be in writing are: (1) "Cases settling important principles," (2) "cases to be remanded," and (3) "cases where the judgment or decree of the court below is reversed.

The first of these classes may be subdivided into: (a) Cases involving the application of a new principle, and (b) cases involving a new application of an old principle.

To the three classes provided for in this statute there should be added two others: (4) Cases involving the application of an old principle of which a restatement has for any reason become necessary, and (5) cases of great public interest and importance, not coming strictly within any of the foregoing classes.

The case at bar comes within neither of these classes, and therefore a written opinion will serve no good purpose. The time of a court, the docket of which is crowded to the extent that the docket of this court is, should not be wasted in the writing of opinions solely for the purpose of advising a litigant of the reasons upon which the court acted in deciding his case. Moreover, the burden of case law has become unbearable to both bench and bar, and the courts owe it both to themselves and to the bar to refrain from increasing this burden unnecessarily.

If, in determining whether a written opinion should be delivered by us when deciding a case, we should take into consideration the fact that, in the absence of such, counsel for the losing party will be handicapped in filing a suggestion of error, the result would be that in order to treat all impartially we would necessarily be compelled to deliver written opinions in all cases.

*Overrued.*