### HEATH v. STATE.

(In Banc. Nov. 24, 1941. Suggestion of Error Overruled Dec. 20, 1941.)

[5 So. (2d) 234. No. 34868.]

**W. I. Stone**, of Coffeeville, and **W. B. Nicols**, of Grenada, for appellant.

**Greek L. Rice**, Attorney-General, by **Geo. H. Ethridge**, Assistant Attorney-General, for appellee.

Argued orally by **W. I. Stone**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

The judgment of the court below was affirmed on a former day of this term without a written opinion. Coun-

sel for the appellant have now filed what they designate as a suggestion of error but which is simply an objection to the affirmance of the judgment without a written opinion thereon.

The appellant was convicted of the theft of four head of cattle. The stealing of the cattle was proven and also that directly thereafter they turned up in the possession of and were sold by the appellant. He claimed to have purchased them from some one unknown to him whom he met on a highway and who then had the cattle with him. There was no direct evidence that the cattle had been stolen by the appellant, and the main question presented was the effect which the jury had the right to give to this possession of them by the appellant in determining whether they were stolen by him. A minor question was whether a witness for the appellant had been contradicted on an immaterial issue and if so the effect thereof.

In their suggestion of error, counsel say: "We take it that an affirmance of this case destroys the heretofore plain demarcation between proof of grand larceny and receiving stolen goods, and we think that in all reason and good conscience the Bar should have the benefit of the decision. Also, the decision overturns all the previous holdings on the important question of the contradiction of a witness on an immaterial issue and we certainly think the Bench and Bar should have the benefit of this holding. The destruction of two such vital precedents should not, in our humble opinion, be accomplished by oral opinion."

The solution of both of these questions is controlled by elementary and well-established rules of law, as to which neither bench nor bar should need further enlightenment. When filing this suggestion of error, counsel probably overlooked the case of Yazoo, etc., R. Company v. James, 108 Miss. 852, 67 So. 484, decided in 1914, wherein, in responding to a request for a written opinion, this court said that such opinions would and should be ren-

dered only in the following cases: (1) Cases settling important principles, including (a) cases involving application of a new principle, and (b) cases involving a new application of an old principle; (2) cases to be remanded; (3) cases where the judgment or decree of the court below is reversed; (4) cases involving the application of an old principle, of which a restatement has for any reason become necessary; and (5) cases of great public interest and importance, not coming strictly within any of the foregoing classes; to which should now be added, in view of Section 3379 of the Code as it now appears, (6) felony cases where the punishment prescribed is ten years or more. The court there said: "The time of a court, the docket of which is crowded to the extent that the docket of this court is, should not be wasted in the writing of opinions solely for the purpose of advising a litigant of the reasons upon which the court acted in deciding his case. Moreover, the burden of case law has become unbearable to both bench and bar, and the courts owe it both to themselves and to the bar to refrain from increasing this burden unnecessarily." This language is as applicable now as then.

Various bar associations, including the American Bar Association, have protested against this increasing burden on bench and bar and have suggested remedies for preventing it.

Overruled.