329 So.2d 527 (1976)
Charles MOREA
v.
STATE of Mississippi.
No. 48969.
Supreme Court of Mississippi.
April 6, 1976.
Tommy B. Rogers, Collins, A.A. Calhoun, Mt. Olive, for appellant.
A.F. Summer, Atty. Gen., by Vera Madel Speakes, Special Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, ROBERTSON and LEE, JJ.
GILLESPIE, Chief Justice, for the Court:
This case involves a conviction of murder and a life sentence. The facts reveal a tragedy arising out of a problem as old as the human race. No one, sensitive to the human condition, could read this record without a profound sympathy for the several people whose well-being fell victim to the tragedy. All that need be said concerning the merits of the appeal is that the two court-appointed lawyers did their very best with what they had to work with, but there is no assignment of error justifying discussion.
The statute provides for an opinion in cases where the defendant is sentenced to serve ten or more years in the penitentiary. Miss. Code Ann. § 9-3-41 (1972). This statute is deemed as advisory and is not to be construed as requiring needless opinions or opinions restating well established rules of law.
This Court said in Yazoo & M.V.R. Co. v. James, 108 Miss. 852, 67 So. 484 (1915), shortly before the number of judges was increased from three to six, that:
The time of a court, the docket of which is crowded to the extent that the docket of this court is, should not be wasted in the writing of opinions solely for the purpose of advising a litigant of the reasons upon which the court acted in deciding his case. Moreover, the burden of case law has become unbearable to both bench and bar, and the courts owe it both to themselves and to the bar to refrain from increasing this burden unnecessarily. 108 Miss. at 853, 67 So. at 484.
What the Court said in that case is equally applicable to the present problems facing this Court.
*528 The Judges of this Court have, for a number of years, been concerned with the increase in the number and length of judicial opinions produced by this Court and other Courts throughout the country. And in 1972, this Court adopted Rule 43 of the Rules of the Supreme Court providing that no opinion will be written where the case is affirmed unless a majority of the justices deciding the case determines that a written opinion will add to the jurisprudence of this State. Thereafter, in 1975, Rule 43 was amended to provide for unpublished opinions in certain instances.
A distinguished committee of scholars has made a study of the matter of limiting publication of judicial opinions. Some of the salient points of the report, which was prepared for the Advisory Council for Appellate Justice,[1] are as follows:
But unlimited proliferation of published opinions constitutes a burden and a threat to a cohesive body of law. Even when the focus is confined to appellate courts, it is plain to every lawyer, every judge, and to most law students that many opinions are written that do not merit publication. Often the matter decided has no potential effect upon our knowledge of the law or its development, yet it results in a written opinion that takes the time and energy the judges could better spend in more attentively considering and developing resolutions of significant issues in other cases.
Besides, there are limits on the capacity of judges and lawyers to produce, research, and assimilate the sheer mass of judicial opinions. Those limits are dangerously near at present and in some systems may already be exceeded. Ten years ago there were estimates that published decisions of American courts approached two and a half million. Today this figure is probably nearer three million. Common law in the United States could be crushed by its own weight if present trends continue unabated.
The collegial process of an appellate court requires consideration by all members of the court of all published opinions of that court. The burden of examining unnecessary opinions seriously constricts the time available for consideration of critical opinions. This results in an erosion of collegiality and a consequent impairment of a rational and cohesive enunciation of the law for the jurisdiction.[2]
It is estimated that some 30,000 judicial opinions are being produced each year, plus approximately 12,000 decisions of administrative boards and commissions.
The courts cannot ignore this problem and continue to produce, and cause to be published, needless opinions of undue length. Members of the bar should be equally concerned with this question so that the absence of an opinion or the issuance of an unpublished opinion will not be understood as meaning that the Court has not given the case full and deliberate consideration. The determination of whether to write an opinion and if so, whether to publish it, is made after, and not before, a decision is reached on the merits. All cases are processed by the Court and decided on the merits in conference in the same manner.
AFFIRMED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.
NOTES
[1] The Advisory Council for Appellate Justice is an assembly of judges, other government officials, lawyers and law teachers who are working to improve the structure and operating processes of state and federal courts.
[2] Joiner, Limiting Publication of Judicial Opinions, 56 Judicature 195 (1972-1973).