475 So.2d 163 (1985)
Donald Wayne WILLIS
v.
STATE of Mississippi.
No. 55665.
Supreme Court of Mississippi.
September 4, 1985.
Fred L. Cooper, Columbia, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and ANDERSON, JJ.
PATTERSON, Chief Justice, for the Court:
Donald Wayne Willis was convicted in the Circuit Court of Marion County of murder under Mississippi Code Annotated, § 97-3-19(1)(a), (1972), as amended. He was sentenced to life imprisonment.
The appeal raises no issues not heretofore decided by this Court; therefore, it is our opinion no need would be served by restating our well established rules of law.
Under the authority of Morea v. State, 329 So.2d 527 (Miss. 1976), the conviction and sentence are affirmed. See Jordan v. State, 474 So.2d 622, (1985).
Because of the great backlog of cases in this Court with accompanying delay between the judgment in the trial court and final disposition in this Court, we think the following prophetic opinion by a former Chief Justice of this Court appropriate to be repeated.
In Morea v. State, we stated in part:
The statute provides for an opinion in cases where the defendant is sentenced to serve ten or more years in the penitentiary. Miss. Code Ann. § 9-3-41 (1972). This statute is deemed as advisory and is not to be construed as requiring needless *164 opinions or opinions restating well established rules of law.
* * * * * *
... [U]nlimited proliferation of published opinions constitutes a burden and a threat to a cohesive body of law. Even when the focus is confined to appellate courts, it is plain to every lawyer, every judge, and to most law students that many opinions are written that do not merit publication. Often the matter decided has no potential effect upon our knowledge of the law or its development, yet it results in a written opinion that takes the time and energy the judges could better spend in more attentively considering and developing resolutions of significant issues in other cases.
Besides, there are limits on the capacity of judges and lawyers to produce, research, and assimilate the sheer mass of judicial opinions. Those limits are dangerously near at present and in some systems may already be exceeded. Ten years ago there were estimates that published decisions of American courts approached two and a half million. Today this figure is probably nearer three million. Common law in the United States could be crushed by its own weight if present trends continue unabated.
The collegial process of an appellate court requires consideration by all members of the court of all published opinions of that court. The burden of examining unnecessary opinions seriously constricts the time available for consideration of critical opinions. This results in an erosion of collegiality and a consequent impairment of a rational and cohesive enunciation of the law for the jurisdiction.
It is estimated that some 30,000 judicial opinions are being produced each year, plus approximately 12,000 decisions of administrative boards and commissions.[1]
The courts cannot ignore this problem and continue to produce, and cause to be published, needless opinions of undue length. Members of the bar should be equally concerned with this question so that the absence of an opinion or the issuance of an unpublished opinion will not be understood as meaning that the Court has not given the case full and deliberate consideration. The determination of whether to write an opinion and if so, whether to publish it, is made after, and not before, a decision is reached on the merits. All cases are processed by the court and decided on the merits in conference in the same manner.
329 So.2d at 527-28.
AFFIRMED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] Since this statement in 1976, appeals and opinions have greatly increased.