Charles McQuarter was convicted of grand larceny, Miss. Code Ann. § 97-17-41 (1972), and sentenced to five years in the custody of the Mississippi Department of Corrections, four (4) years suspended and one (1) year to serve. Aggrieved, he appeals to this Court through substituted counsel on the following issues:
 I. Whether appellant was denied effective assistance of counsel by his prior counsel's failure to conduct professionally reasonable pretrial and background investigations into obvious and highly relevant exculpatory evidence, facts and available character witnesses and other omissions;
 II. Whether the in-court identification of appellant by State's witness Susan Kyzar was improperly prejudicial, tainted and overly suggestive;
 III. Whether the trial court erred in denying appellant's motion for a directed verdict where no evidence presented by the State of Mississippi established grand larceny, in that neither the quantity nor the value of the property allegedly taken was established;
 IV. Whether the trial court erred by coercing the jury to reach a verdict in this cause by stating, "If you are unable to agree upon any specific verdict unanimously the Court will be forced to declare a mistrial", after the jury had asked the court for further clarifying instructions?
 STATEMENT OF THE FACTS
The crime scene was the Fast Lane Convenience Store located on Highway 49 South across the road from McDonald's in Richland, Mississippi. At approximately 9:15 p.m., on Monday, October 26, 1987, a black male walked into the convenience store, grabbed an armful of cigarette cartons, and walked out the door.
Susan Kyzar, a behind-the-counter attendant, identified appellant in-court as the thief; however, she could not identify appellant from pictures the day after the theft. She testified the accused walked away with 12-14 cartons of cigarettes which sold at retail for $10.96 per carton.
Sam Norwood, a customer, got a good look at appellant who bumped into Mr. Norwood as appellant made his escape. Mr. Norwood made a positive in court identification of appellant as the culprit. On direct examination, he approximated appellant left the premises with 11 or 12 cartons. When pressed on cross-examination, he insisted that the thief got away with no less than 10 cartons and perhaps as many as "fourteen or sixteen" cartons.
Richland police officer Bo Webb testified he interviewed both Kyzar and Norwood the day following the crime and showed to each a four-photograph array. One of the photographs was a picture of appellant. Norwood was able to identify appellant from the photographic array while Kyzar was not.
Counsel for appellant called three witnesses in appellant's defense in the following order: appellant's daughter, Yolanda, his wife, Betty, and appellant, himself.
Yolanda McQuarter, a first year student at Jackson State University, testified that she had been watching Monday night football with appellant, her mother and little brother in the family's Jackson home at the time of the alleged larceny in Richland and that her father, appellant, was home in Jackson the entire evening of the alleged larceny.
Betty McQuarter also testified that appellant had been at home all evening in Jackson watching football on the night of the alleged larceny in Richland. She also testified that appellant never went out at night without her.
McQuarter testified that he had been at home in Jackson watching football with his family on the night of the alleged theft in Richland. He asserted on direct and cross-examination that he had never been to the Fast Lane Convenience store in Richland.
 I. Whether appellant was denied effective assistance of counsel by his prior counsel's failure to conduct professionally reasonable pretrial and background investigations into obvious and *Page 687 
highly relevant exculpatory evidence, facts and available character witnesses and other omissions? A.
The specific targets of appellant's ineffectiveness complaint are
 (A) counsel's failure, prior to trial, to investigate and inquire about appellant's background or the availability of willing character witnesses who could have testified favorably in his behalf;
 (B) the failure of counsel to object to the in-court identification made by Susan Kyzar and to question Kyzar about her inability, shortly after the crime, to identify appellant from a series of four (4) photographs shown to her by Richland police officer, Bo Webb; and
 (C) the failure of trial counsel to bring out the fact that Kyzar recorded the license plate number of the perpetrator's motor vehicle and that said automobile belonged to another black who had a long and turbulent criminal history.
 B.
The test to be applied in cases involving alleged ineffectiveness of counsel is whether counsel's over-all performance was (1) deficient and if so, (2) whether the deficient performance prejudiced the defense. Strickland v.Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden is on the defendant to demonstrate both prongs.Leatherwood v. State, 473 So.2d 964, 968-969 (Miss. 1985). This Court adopted the Strickland test in Stringer v. State,454 So.2d 468 (Miss. 1984).
This state recognizes a strong but rebuttable presumption that counsel's conduct falls within a broad range of reasonable professional assistance. Gilliard v. State, 462 So.2d 710, 714 (Miss. 1985). Also, this Court bases its decisions as to whether counsel's efforts were effective on the totality of thecircumstances surrounding each case. Waldrop v. State,506 So.2d 273, 275 (Miss. 1987) (emphasis added).
 C.
We have carefully examined the record in this case and are unable to conclude, on the record before us, that McQuarter's trial counsel was constitutionally ineffective. In so holding, however, we recognize McQuarter's right to raise the ineffective assistance claim via appropriate post-convictions proceedings.See Read v. State, 430 So.2d 832 (Miss. 1983).
 II. Whether the in-court identification of appellant by State's witness Susan Kyzar was improperly prejudicial, tainted and overly suggestive? A.
During the trial of appellant on March 30, 1988, State's witness Susan Kyzar identified McQuarter, the only black man at the defense table inside the Courtroom railing, as the man who committed the crime. Later during the trial, State's witness, Officer Bo Webb, testified that the day after the theft, Ms. Kyzar had been unable to identify a photograph of McQuarter as the alleged perpetrator out of four (4) photographs which the Richland police had shown her. McQuarter reminds this Court that it was bad enough that his trial counsel failed to question Ms. Kyzar on the matter of the photographs but trial counsel also failed to object to or try to exclude her in-Court identification as impermissibly prejudicial, tainted or suggestive in light of the totality of all the circumstances. Here, there was never a pre-trial out-of-court identification of McQuarter as the alleged perpetrator. Although having seen McQuarter's picture previously, Ms. Kyzar was only able to identify him as the perpetrator after seeing him again at the defense table. He was the only black man at the defense table and, in fact, was the only black man inside the courtroom railing. McQuarter concludes it would be hard to imagine a more prejudicially tainted or suggestive situation for an in-Court identification.
 B.
A careful examination of the record in this case shows that McQuarter's *Page 688 
trial counsel failed to object to Kyzar's in-court identification. Unless timely and specific objection is made to allegedly improper testimony, the objection is deemed waived and may not be raised on appeal. Singleton v. State, 518 So.2d 653
(Miss. 1988); Parker v. State, 367 So.2d 456 (Miss. 1979). Such was not done here. Consequently, McQuarter's complaint has not been preserved for review on appeal. See Crawford v. State,515 So.2d 936 (Miss. 1987).
We are aware that this alleged error is a portion of the ineffective assistance claim. Our holding that this issue was not properly preserved for presentation on direct appeal in no way affects subsequent proof, if any, of ineffective assistance involving this issue.
 III.
We have considered McQuarter's remaining issues. After a review of the record and briefs in this case, we find no merit to the remaining issues. See Ford v. State, 546 So.2d 686, 690 (Miss. 1989); Ponthieux v. State, 532 So.2d 1239, 1248 (Miss. 1988);Kennedy v. State, 531 So.2d 638 (Miss. 1988); Burkett v.State, 484 So.2d 1046 (Miss. 1986); Smith v. State,484 So.2d 364 (Miss. 1986); and Morea v. State, 329 So.2d 527 (Miss. 1976).
 IV.
The judgment of the Circuit Court that McQuarter stand convicted of the crime of grand larceny, together with the sentence of five (5) years in the custody of the Mississippi Department of Corrects, with four (4) years suspended and one (1) year to serve, is affirmed without prejudice as to the claim of ineffective assistance of counsel.
CONVICTION OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FOUR YEARS SUSPENDED, ONE YEAR TO SERVE, AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
BLASS, J., dissents without written opinion.