PITTMAN, Justice,
for the Court:
Richard A. Johnson, Hubert Norman Montz and Bryan Skinner were indicted and charged with armed robbery. Johnson and Montz were indicted as habitual offenders in one indictment and tried together. They were both convicted and sentenced to serve twenty-five (25) years in the custody of the Mississippi Department of Corrections without benefit of parole.
Johnson and Montz appeal raising several assignments of error. Johnson raises seven (7) issues, five (5) of which are also raised by Montz:
1. The trial court erred in overruling defense motion to suppress the evidence;
2. The court erred in failing to sustain defense motion in limine and allowing in evidence a shotgun, shotgun shell, and knife;
3. The trial court erred in sustaining State’s motion to amend the indictment to include the words “attached hereto and a part hereof’;
4. The trial court erred in denying defense motion for a mistrial made following a police officer’s testimony that a syringe was found following a search of Johnson;
5. The trial court erred in ruling defendants’ prior convictions admissible for impeachment purposes should they elect to testify;
6. The court erred in failing to declare a mistrial based upon remarks of the prosecuting attorney in closing argument; and
7. The verdict was against the overwhelming weight of the evidence. Burrell v. State, 613 So.2d 1186, 1190-1191 (Miss.1993).
The Circuit Judge followed settled law and his rulings are free from prejudicial error. We affirm.
I.
Two or more assailants entered a Circle K Store located in Biloxi, Mississippi, on November 27, 1989. The assailants took the money from the cash register and also hit the attendant, Mrs. Edna McQueen, with a pistol. The one assailant McQueen saw was a white man but was not otherwise identifiable because he wore a suntan colored stocking over his face.
Joseph Jaunico walked up in time to see three white men running from the store. He went inside and helped McQueen complete her 911 call reporting the armed robbery by three white men dressed in dark clothing. Officer Dawson of the Biloxi Police Department arrived and obtained descriptions of the three assailants. Dawson then relayed the information to his dispatcher. Officer Hilli-ard drove to a cab stand located at the Krispy Kreme Donut Shop on Highway 90 and questioned cab drivers, one of whom said three men dressed in dark clothing in a brown Monte Carlo automobile had just left travelling west on Highway 90.
Within an hour following the robbery, Officer Parker of the Gulfport Police Department received by radio dispatch information of the robbery and a description of three men and the car. Minutes later Parker saw a vehicle, similar in description, headed west on Highway 90. While following the car, she verified the suspected vehicle had a loud muffler.
*53 The vehicle, after making several turns, stopped at another convenience store in Gulf-port. Parker, using her patrol car’s public address system, directed the occupants to place their hands on the dashboard of the vehicle. When they did not comply and she saw the man in the back seat lean over, she ordered him to come out of the car with his hands up. When he did not comply, she stepped out of her patrol car, pointed her shotgun at them and repeated her instructions. At that time, additional Guliport police officers arrived and Parker instructed the driver to get out with his hands up.
Johnson complied but lied when asked if he was armed. Parker’s search of Johnson revealed that he had a .22 caliber shiny revolver, a nylon stocking, a syringe, a knife, a small amount of money, and handcuffs. Parker then placed Johnson under arrest for carrying a concealed weapon. Several items were seized from the automobile driven by Johnson: a small amount of money, a piece of nylon stocking, a knife with a 5-inch blade, and a loaded sawed-off .410 gauge shotgun.
The State called thirteen witnesses, the defense none, and none of the defendants testified. Following a three day trial, the court submitted the case to the jury as one based on circumstantial evidence. The jury verdict found all three guilty of armed robbery. The jury failed to agree on the sentence to impose against Johnson and Montz as habitual offenders.
II.
After a review of the record and briefs in this case, we find no merit under any error assigned on appeal and affirm the conviction and sentence. See Burkett v. State, 484 So.2d 1046 (Miss.1986); Smith v. State, 484 So.2d 364 (Miss.1986); and Morea v. State, 329 So.2d 527 (Miss.1976).
AS TO ROBERT ANDREW JOHNSON: CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY-FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT PAROLE, AFFIRMED. AS TO HUBERT NORMAN MONTZ: CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY-FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT PAROLE, AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and McRAE, JAMES L. ROBERTS JR. and SMITH, JJ., concur.
BANKS, J., dissents with separate written opinion joined by SULLIVAN, J.