# IN THE COURT OF APPEALS 12/17/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-KA-00480 COA

**CALVIN LACY**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. JAMES E. GRAVES, JR.

COURT FROM WHICH APPEALED: HINDS COUNTY CIRCUIT COURT

ATTORNEY(S) FOR APPELLANT: CHARLES R. MULLINS, MERRIDA COXWELL

ATTORNEY(S) FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: JOLENE M. LOWRY

JEAN SMITH VAUGHAN

DISTRICT ATTORNEY(S): PATRICIA BENNETT

NATURE OF THE CASE: CRIMINAL - MANSLAUGHTER

TRIAL COURT DISPOSITION: CONVICTED AND SENTENCED TO SERVE TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE (5) YEARS SUSPENDED, FIVE (5) YEARS SUPERVISED PROBATION, AND FIFTEEN (15) YEARS TO SERVE.

BEFORE FRAISER, P.J., KING, AND PAYNE, JJ.

PAYNE, J., FOR THE COURT:

Calvin Lacy was indicted for the murder of Willie James Brown. The jury subsequently convicted Lacy of manslaughter, and the court sentenced him to serve twenty years in the custody

of the Mississippi Department of Corrections, with five years suspended, five years supervised probation, and fifteen years to serve. We find that Lacy's issues on appeal have no merit and therefore affirm.

FACTS

The factual basis of this case is generally consistent among the various witnesses who testified for each party. However, certain details varied between each witness, some of which form the basis of Lacy's appellate arguments. On the evening of July 15, 1993, Lacy and a friend were at the friend's aunt's house. As they were leaving, Lacy accidentally backed his car into Brown's fianceé's car and damaged it. Brown and Lacy subsequently discussed the damage to the car as a crowd gathered. Lacy left hurriedly and returned five minutes later with his brother, John. Brown and Lacy began fighting; John fired two 9-millimeter shots into the air in an attempt to stop the fighting. Brown subsequently went into his house and returned to the door with a shotgun. Shots were fired, and Brown later died of a gunshot wound to the chest. Lacy was indicted, along with his brother, for murder. Witnesses testified for both the State and the defense concerning what each observed, who started the fight, who shot at whom, and how and when the car with the two brothers left the scene. Each witness's testimony varied in differing degrees from each other. Generally, the State contended that Lacy shot Brown, and presented eyewitnesses who said that they saw Lacy shoot Brown. The defense argued that Lacy and John both tried to accommodate Brown by agreeing to pay him for the damage to his fianceé's car, and that Lacy did not shoot Brown. Lacy contended that he never touched any gun, and that it was actually his brother John who shot Brown.

The jury convicted Lacy of manslaughter, and the court sentenced him to serve twenty years in the Mississippi Department of Corrections, with five years suspended, five years under supervised probation, and fifteen years to serve. Lacy moved for a new trial or, in the alternative, a JNOV. The court denied his motion, and Lacy now appeals on two issues.

ISSUES AND ANALYSIS

I. DID THE TRIAL COURT ERR IN REFUSING ADMISSION INTO EVIDENCE OF JOHN LACY'S ALLEGED STATEMENT/CONFESSION THAT HE SHOT BROWN ?

Lacy argues that he was denied a fair trial because the court refused to allow into evidence alleged exculpatory statements made by his co-defendant and brother, John. He contends that John confessed that it was actually he who shot Brown, and that corroborating circumstances existed to indicate the trustworthiness of John's statements. He believes that under Mississippi Rule of Evidence 804(b)(3), John's statements were so far contrary to his interest and clearly subjected him to criminal liability that he would never have made them unless he believed them to be true. He contends that they were

admissible due to corroborating circumstances consisting of: (1) John's three separate statements that he shot Brown; (2) variations in the State's witnesses' accounts of the events indicating that Lacy did not shoot Brown; (3) Lacy and his brother John turning themselves in to the police the next day; (4) Lacy's mother stating that John first told her that he thought he had shot Brown; and (5) testimony that John fired two warnings shots in the air, and that only two 9- millimeter shell casings were found in the street, further indicating that John probably shot Brown from his car, and that Lacy himself never fired the gun. He believes that he was denied a fair trial because he was not allowed to present John's statements to the jury.

The State argues that Lacy is procedurally barred from this argument because, under Mississippi Rule of Evidence 103(a)(2), the substance of the evidence was neither made known to the court by offer nor was it apparent from the context of the questions. Moreover, it contends that

Lacy failed to offer any exception to the bar. We do not express our opinion as to the validity of this argument of waiver, but instead focus our analysis on other grounds of waiver and on the merits of Lacy's argument.

Mississippi Rule of Evidence 804 states that "[a] statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." M.R.E. 804(b)(3). Regarding admissibility of evidence issues within a criminal case, the Mississippi Supreme Court has stated that admissibility rests within the sound discretion of the trial court, and reversal of a conviction is appropriate only when the trial court abused that discretion. *Peterson v. State*, 671 So. 2d 647, 655 (Miss. 1996) (citations omitted). However, an appellate court must determine if the trial court utilized the proper legal standards in its fact findings regarding the admissibility of evidence. *Id.* at 656 (citation omitted). Finally, any trial court error regarding this issue must have affected a substantial right of the Defendant to warrant reversal on this point. *Id.*; *see also Johnson v. State*, 655 So. 2d 37, 42 (Miss. 1995) (citations omitted) (relevancy and admissibility of evidence issues are within the discretion of the trial court and reversal may only be based on abuse of that discretion). Likewise this Court will not reverse an evidentiary ruling admitting or denying testimonial evidence absent a showing of abuse of discretion.

Finally, the court has held that a trial judge cannot be put in error if not given the opportunity to address an issue. *See Ballenger v. State*, 667 So. 2d 1242, 1256, 1266 (Miss. 1995) (trial judge cannot be found to be in error on issue not presented for decision, and defendant is procedurally barred where objection at trial was based on different grounds than those asserted on appeal); *see*

*also Robinson v. State*, 662 So. 2d 1100, 1104 (Miss. 1995) (citation omitted). A complaining party must make a contemporaneous objection at trial in order to preserve an alleged error for appellate review. *King v. State*, 615 So. 2d 1202, 1205 (Miss. 1993) (citation omitted).

Here, Lacy attempted to prove corroboration at trial simply by stating that the evidence rules contemplate that no rational person would make a statement implicating himself for murder if it were not true. On appeal, Lacy now attempts to prove factual corroboration through trial testimony. However, the record shows that Lacy never presented the trial court with this form of corroboration upon which to rule. Therefore, it is not properly before this Court. The record also shows that Lacy disagreed with the court's decision regarding admissibility, and believed that Rule 804(b)(3) allowed

these statements into evidence as an exception. However, Lacy never objected to the trial court's decision at trial. We believe that Lacy waived his right on both accounts to argue this issue on appeal. Moreover, the record indicates that the court ruled on the inadmissibility of John's statements after careful consideration of Rule 804(b)(3). Further, it indirectly determined that sufficient corroborating circumstances, if any, indicating the trustworthiness of the statements did not exist to justify their admission. Therefore, on the merits, we believe that the trial court employed the proper legal standard in making its decision. We do not find that the trial court abused its discretion, and do find that Lacy has failed to show that any abuse of discretion occurred.

## II. DID THE TRIAL COURT ERR IN DENYING LACY'S CHALLENGE OF THE JURY'S VERDICT BASED ON THE WEIGHT OF THE EVIDENCE, AND DID THE EVIDENCE ESTABLISH THAT LACY ACTED IN SELF-DEFENSE?

Lacy contends that the trial testimony shows inconsistencies and contradictions which resulted in a jury verdict that was against the weight of the evidence. He requests a reversal and a

new trial on this ground. He also argues that, assuming the trial testimony is true, the evidence shows that he acted in self-defense at the time he fired the shot that killed Brown. He requests that the verdict be reversed and rendered based on this self-defense theory.

The Mississippi Supreme Court has stated that when an appellate court considers whether a jury verdict is against the overwhelming weight of the evidence, it must accept as true all evidence favorable to the State and supportive of the verdict. *Ellis v. State*, 667 So. 2d 599, 611 (Miss. 1995) (citing *Isaac v. State*, 645 So. 2d 903, 907 (Miss. 1994)). Reversal is justified when the appellate court determines that an abuse of discretion existed in the lower court's denial of a new trial. *Id.*; *see also Eakes v. State*, 665 So. 2d 852, 872 (Miss. 1995) (citations omitted). The court has also held that "[t]he jury is charged with the responsibility of weighing and considering the conflicting evidence and credibility of the witnesses and determining whose testimony should be believed." *McClain v. State*, 625 So. 2d 774, 781 (Miss. 1993) (citations omitted); *see also Burrell v. State*, 613 So. 2d 1186, 1192 (Miss. 1993) (witness credibility and weight of conflicting testimony are left to the jury); *Kelly v. State*, 553 So. 2d 517, 522 (Miss. 1989) (witness credibility issues are to be left solely to the province of the jury). Furthermore, "the challenge to the weight of the evidence via motion for a new trial implicates the trial court's sound discretion." *McClain*, 625 So. 2d at 781 (citing *Wetz v. State*, 503 So. 2d 803, 807-08 (Miss. 1987)). The decision to grant a new trial "rest[s] in the sound discretion of the trial court, and the motion [for a new trial based on the weight of the evidence] should not be granted except to prevent an unconscionable injustice." *Id.*

In the present case, the jury heard the witnesses and the evidence presented by both the State and the defense. The State's evidence showed that Lacy was the individual who fatally shot Brown. Two State witnesses testified that they saw Lacy shoot Brown. However, Lacy stated that his

brother John actually shot Brown. Lacy denied shooting Brown or ever touching any gun. Lacy's mother testified that John told her that he thought he had shot Brown. Even without John's alleged statements that he shot Brown, the jury was presented with testimony that Lacy did not shoot Brown, while other testimony showed that he did shoot him. Testimony presented on behalf of both

the State and Lacy was clearly for the jury to evaluate. The jury's decision to believe the State's evidence and witnesses was well within its discretion. Moreover, the jury was clearly within its power to weigh the evidence and the credibility of the witnesses' testimony and to convict Lacy. The trial court did not abuse its discretion by refusing to grant Lacy a new trial based on the weight of the evidence. The jury verdict was not so contrary to the overwhelming weight of the evidence that, to allow it to stand, would have been to promote an unconscionable injustice. The trial court properly denied Lacy's motion for a new trial.

Finally, Lacy's contention that he shot Brown in self-defense is ludicrous and wholly irrelevant in light of his trial testimony, and his defense that he never shot Brown, that his brother John actually shot him, and that he never touched any gun at all.

### III. TRIAL COUNSEL WAS INEFFECTIVE AND DEPRIVED LACY OF EFFECTIVE ASSISTANCE OF COUNSEL

Lacy asserts ineffective assistance of trial counsel arguing that his trial counsel's performance was deficient and that he was prejudiced as a result. In support of this assignment of error, Lacy contends: (1) his trial counsel failed to adequately research the admissibility of his co-defendant's confession so as to establish its was corroborated and trustworthy which would ensure its admission into evidence and (2) his trial counsel failed to make an offer of proof as to the contents of his co-defendant's confession, thus creating a procedural bar.

The standard of review for an ineffective assistance of counsel argument is the two-prong test of whether: (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The Mississippi Supreme Court has adopted the *Strickland* standard for an ineffective assistance of counsel argument. *See McQuarter v. State*, 574 So. 2d 685, 687 (Miss. 1990). "The burden is on the defendant to demonstrate both prongs." *McQuarter*, 574 So. 2d at 687 (citing *Leatherwood v. State*, 473 So. 2d 964, 968-69 (Miss. 1985)). This standard is based upon the totality of the circumstances surrounding each case. *Id.* (citing *Waldrop v. State*, 506 So. 2d 273, 275 (Miss. 1987)).

Mississippi "recognizes a strong but rebuttable presumption that counsel's conduct falls within a broad range of reasonable professional assistance." *Id.* (citing *Gilliard v. State*, 462 So. 2d 710, 714 (Miss. 1985)). The court recognized "[t]o overcome this presumption, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Schmitt v. State*, 560 So. 2d 148, 154 (Miss. 1990) (quoting *Strickland*, 466 U.S. at 694). There is also a presumption that counsel's decisions are strategic. *See Handley v. State*, 574 So. 2d 671, 684 (Miss. 1990) (citation omitted); *Leatherwood v. State*, 473 So. 2d 964, 968-69 (Miss. 1985)).

Under our discussion of Lacy's first assignment of error, we first recognized the procedural bar regarding the trial court's denial of admission into evidence of his co-defendant's confession. However we also indicated that, on the merits, the trial court employed the proper legal standard and

that no abuse of discretion occurred. It appears that Lacy's ineffective assistance of counsel claim is

yet another attempt by Lacy to have this Court revisit his first two assignments of error. We decline to do so.

In the present case, Lacy has not met his burden of satisfying the two prongs of *Strickland*. We have reviewed the record and looking at the totality of the circumstances, we cannot say that the assistance provided by Lacy's counsel rises to the level required under *Strickland*. Thus, we are compelled to affirm.

## CONCLUSION

We find that the trial court did not err and therefore affirm the jury's verdict and the court's sentence.

**THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE (5) YEARS SUSPENDED, FIVE (5) YEARS SUPERVISED PROBATION, AND FIFTEEN (15) YEARS TO SERVE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, KING, McMILLIN, AND SOUTHWICK, JJ., CONCUR.**