MOORE, J.,
for the Court:
¶ 1. James W. Melton was convicted in the Circuit Court of Leflore County of molesting a child under the age of fourteen in violation of Miss.Code Ann. § 97-5-23 (Rev.2000). The trial court sentenced the defendant to fifteen years incarceration, five years suspended to be served .on supervised probation. Melton cites the following issues on appeal:
I. WHETHER THE ADMISSION OF THE STATEMENT GIVEN BY JAMES W. MELTON WAS IMPROPER?
II. WHETHER COUNSEL FOR JAMES W. MELTON RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. During the summer of 1996, ten year old B.M. lived with her father’s parents where she had lived most of her life. Her half brother, James Melton, was twenty years old and also lived with their grandparents on the weekends. In the fall of 1997, B.M. had moved in with her mother. After watching a film at school about improper touching, B.M. confided to her mother that James Melton had molested her during the summer of 1996. B.M.’s mother called the police and after a statement was taken from B.M., a warrant was issued for Melton’s arrest.
¶ 4. Melton signed a waiver of rights form and was questioned. During the questioning, Deputy Tindall wrote down what Melton confessed to doing. Melton was then read the statement, made corrections and signed the statement confessing to molesting his sister. At trial, Melton made a motion to suppress the statement and a suppression hearing was held. During the suppression hearing, Melton claimed that he had been interrogated for a “bunch of hours,” that the police officers told him he was lying when he denied the accusation, that the officers smoked in the interrogation room knowing Melton was allergic to smoke, and that Deputy Tindall told him “bad things” would happen to him in prison and he would receive counseling if he confessed. Deputy Tindall testified that Melton was questioned for an hour and a half, that they did smoke in front of Melton not knowing he was allergic to smoke, that he did not tell Melton bad things would happen to him in prison, and that he told Melton he would probably receive counseling as part of his sentence. The court found the statement to be voluntary and admitted it into evidence.
15. Also during the trial, Melton’s attorney attempted to develop the theory that B.M.’s mother concocted the molestation story out of revenge against Melton’s grandparent’s because they had attempted to stop B.M.’s mother from receiving government assistance for B.M. while she lived with her grandparents. Melton’s attorney called his and B.M.’s adult sister and their grandmother to testify in support of this theory. Melton’s attorney also called four character witnesses to testify on Melton’s behalf.
LAW AND ANALYSIS
I. WHETHER THE ADMISSION OF THE STATEMENT GIVEN BY JAMES W. MELTON WAS IMPROPER?
¶ 6. Melton argues that he was coerced into making the confession. According to Morgan v. State, 681 So.2d 82, 86 (Miss.1996), a confession is not voluntary if it is the product of threats, inducements, or promises of leniency. The State must prove voluntariness beyond a reasonable doubt and can meet this burden by presenting testimony of any officer or person with personal knowledge of the volun-tariness of the confession during a suppression hearing outside the presence of *1012 the jury. Chase v. State, 645 So.2d 829, 888 (Miss.1994). If the accused is able to rebut this prima facie case with specific allegations, then the State is obligated to bring forth the officer(s) who made the threat, promise, or inducement. Abram v. State, 606 So.2d 1015, 1030 (Miss.1992).
¶ 7. In a suppression hearing, the judge sits as fact finder. Davis v. State, 551 So.2d 165,169 (Miss.1989). The appellate court can only overturn for manifest error if the decision is against the overwhelming weight of the evidence. Hunt v. State, 687 So.2d 1154, 1160 (Miss.1996).
¶ 8. Among Melton’s different claims of coercion, the promise of counseling as his sentence and the threat of “bad things” happening to Melton in prison are the only allegations which fall into the category of a threat, promise or inducement as required by Morgan. The officer who allegedly coerced Melton into his confession, Deputy Tindall, did testify at the suppression hearing, thereby satisfying the standard set out in Abram. The trial court, sitting as fact-finder, weighed the credibility of the witnesses and chose to believe the testimony of Deputy Tindall over that of Melton. We find that the trial court did not commit manifest error in making its decision to admit the confession into evidence and that decision was not against the overwhelming weight of the evidence.
II. WHETHER COUNSEL FOR JAMES W. MELTON RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 9. During opening statements, Melton’s attorney laid the groundwork for the theory that B.M.’s mother made up the story that B.M. had been molested out of revenge. Melton argues that his attorney failed to develop this theory. Specifically, Melton argues that B.M.’s mother should have been called to testify. Melton also argues that his attorney offered no argument to support the motion to suppress Melton’s confession.
¶ 10. Claims of ineffective assistance of counsel are judged by the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two part test set out in Strickland is whether counsel’s performance was deficient and, if so, whether the deficiency prejudiced the defendant to the point that “our confidence in the correctness of the outcome is undermined.” Neal v. State, 525 So.2d 1279, 1281 (Miss.1987). A strong, but rebuttable presumption exists that “counsel’s conduct falls within a broad range of reasonable professional assistance.” McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). In addition to the presumption that counsel’s conduct is reasonably professional, there is a presumption that counsel’s decisions are strategic in nature, rather than negligent. See Handley v. State, 574 So.2d 671, 684 (Miss.1990); Leatherwood v. State, 473 So.2d 964, 968-69 (Miss.1985). To overcome these presumptions, the defendant must show that “but for” the deficiency, a different result would have occurred. Strickland, 466 U.S. at 694,104 S.Ct. 2052. The State responds to Melton’s argument that B.M.’s mother should have been called to testify by citing Marks v. State, 532 So.2d 976, 979 (Miss.1988), which held that courts should not engage'in hypothetical assumptions concerning the value of an uncalled witness.
¶ 11. Melton’s attorney called several witnesses to testify that B.M. had been raised by her grandparents and that they had attempted to prevent B.M.’s mother from receiving the government assistance check. The jury was presented with two different theories of whether B.M. had been molested, and they chose to believe that she had been molested. Melton has not shown that his trial counsel was deficient or that a different outcome would have resulted if strategic decisions had been made differently. With respect to Melton’s allegation that his attorney did not offer argument in support of the motion to suppress, we again find that Melton *1013 cannot show a “but for deficiency” because the trial court properly denied Melton’s motion to suppress. Therefore, we find Melton’s allegation of ineffective assistance of counsel to be without merit.
¶ 12. JUDGMENT OF THE LE-FLORE COUNTY CIRCUIT COURT OF CONVICTION OF MOLESTING A CHILD UNDER THE AGE OF FOURTEEN AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS SUSPENDED TO BE SERVED ON SUPERVISED PROBATION IS AFFIRMED. COSTS ARE ASSESSED TO LEFLORE COUNTY.
McMILLIN, C. J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ„ CONCUR.