GRIFFIS, J.,
for the Court.
¶ 1. On May 8, 2002, Lionel Omar Williams was at the Natchez municipal court complex to pay a fine for a possession of marijuana conviction he had recently received. While there, Williams was arrested on an outstanding warrant from another jurisdiction. The police performed a search incident to arrest and found cocaine in Williams’ pocket.
¶ 2. Williams was indicted for knowingly, intentionally, unlawfully, and feloniously possessing a quantity of the Schedule II controlled substance cocaine in an amount of 8.3 grams, being greater than 2.0 grams but less than 10.0 grams, in violation of Mississippi Code Annotated Section 41-29-139 (Rev.2001). A jury found Williams guilty of possession of the Schedule II controlled substance cocaine. He was sentenced to serve a term of sixteen years in the custody of the Mississippi Department of Corrections and ordered him to pay all court costs.
¶ 3. On appeal, Williams argues that: (1) the trial court erred in sustaining the State’s peremptory challenges, (2) he received ineffective assistance of counsel, and (3) the trial court erred in denying his motion for a directed verdict. We find no error and affirm.
ANALYSIS

I. Did the trial court err in sustaining the State’s peremptory challenges?

¶ 4. Williams contends the trial court erred in sustaining the State’s per *1018 emptory challenges. This Court gives great deference to the trial court’s findings of whether or not a peremptory challenge was race-neutral. Manning v. State, 765 So.2d 516, 519(¶ 8) (Miss.2000). Such deference is necessary because finding that a striking party engaged in discrimination is largely a factual finding and thus should be accorded appropriate deference on appeal. Id. Indeed, we will not overrule a trial court on a Batson ruling unless the record indicates that the ruling was clearly erroneous or against the overwhelming weight of the evidence. Id.
¶ 5. In the course of selecting a jury, the State exercised all of its peremptory challenges on African-Americans. Defense counsel objected to the State’s peremptory challenges pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Williams argues that the trial court erred in allowing the State to proceed with the case without giving sufficient race-neutral reasons.
¶ 6. The trial transcript indicates that a sufficient race-neutral reason was given for every peremptory challenge raised. For instance, one venireman had an immediate family member who had been convicted of a crime; two veniremen had a close relative or friend who had been charged with a crime; one venireman knew Williams’ family and was reluctant to state that she could be an impartial juror; and two veniremen were removed because of their attire, body language, or age.
¶ 7. Williams contends that the most objectionable peremptory challenge involved three African-Americans who responded affirmatively that they had family members who had been charged with crimes. Williams argues that Caucasian jurors who responded the same way as these three African-Americans did were not challenged by the State. It is an appellant’s duty to justify his arguments of error with a proper record, which does not include mere assertions in his brief, or the trial court will be considered correct. American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995). Facts alleged to exist by Williams must be proved and placed before this Court by a certified record as required by law; otherwise, we cannot know of their existence. Phillips v. State, 421 So.2d 476, 478 (Miss.1982). While Williams’ allegations may be true, the record does not indicate the race of the jurors who answered the question regarding familial connection with crime. Thus, Williams fails to support his allegations by facts established within the record.
¶ 8. We are limited by the record before us on appeal. Because Williams failed to establish that the facts he asserts support his argument, the trial court must be deemed correct in its decision. Therefore, upon review, we find that the trial court was correct in granting the State’s peremptory challenges. Thus, we find no error.

II. Did Williams receive ineffective assistance of counsel?

¶ 9. The standard applied to claims of ineffective assistance of counsel were first articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove ineffective assistance of counsel, Williams must demonstrate that his counsel’s performance was deficient and that this deficiency prejudiced his defense. Id. at 687, 104 S.Ct. 2052. The burden of proof rests with Williams. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 10. Williams claims his counsel was deficient because his attorney failed to *1019 object to the admission of the cocaine found on Williams. Williams points to Officer Nations who testified that he could not identify the substance in court as the exact substance taken from Williams. However, although Officer Nations could not say that the substance in court was “the exact same substance” taken from Williams, he did state that it was “extremely similar.” Officer Nations testified that the substance in court “appears to be the same substance because of the high yellow content” and is “in the same plastic bag or very similar plastic baggy that I remember it being in.” Since Officer Nations stated that the cocaine and its packaging all appeared the same as it did on the day he seized it, Williams’ counsel did not object. Williams’ counsel’s decision to not object to the admission of the cocaine into evidence is not ineffective assistance of counsel.

III. Did the trial court err in denying Williams’ motion for a directed verdict?

¶ 11. Requests for a directed verdict implicate the sufficiency of the evidence. Franklin v. State, 676 So.2d 287, 288 (Miss.1996). The standard of review for legal sufficiency of the evidence is well-settled: we must consider all evidence in the light most favorable to the verdict. Id. The credible evidence which is consistent with the guilt must be accepted as true. Id. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Id. We may reverse only where the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Id.
¶ 12. Williams claims that the State’s evidence was insufficient to establish a chain of custody. We disagree. Officer Nations testified that he found the cocaine in Williams’ pocket. Officer Nations further testified that he put the cocaine into a white paper bag, placed markings on the bag, and gave the bag containing the cocaine to Officer Garcia. Officer Garcia initialed the bag and then tied the bag into a knot. After the bag was sealed by Officer Garcia, the bag was given to Agent Pree, who took the bag to the Mississippi Crime Lab. After the crime lab finished its analysis, Agent Pree took custody of the bag. The bag was sealed and still contained Officer Garcia’s initials.
¶ 13. The test of whether there has been a proper showing of chain of custody is whether there is any reasonable inference of likely tampering with or substitution of evidence. Williams v. State, 794 So.2d 181, 185(¶ 10) (Miss.2001). The burden to produce evidence of a broken chain of custody is on Williams. Id. Here, Williams has not. met this burden. The trial court was correct in denying Williams’ motion for a directed verdict. Therefore, we find no error.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY OF CONVICTION OF POSSESSION OF THE SCHEDULE II CONTROLLED SUBSTANCE COCAINE, MORE THAN 2.0 GRAMS BUT LESS THAN 10.0 GRAMS, AND SENTENCE OF SIXTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.