GRIFFIS, J.,
for the Court.
¶ 1. Robert Lee Joshua was convicted of statutory rape and four counts of unlawful touching of a child. He was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections.
¶2. Joshua filed a motion for post-eon-viction relief, which was denied by the trial court. On appeal, Joshua asserts the following errors: (1) his attorney failed to perfect an appeal through no fault of his own, (2) he received ineffective assistance of counsel, and (3) any post-conviction relief submitted prior to this action was not well taken because of his lack of knowledge of the law. We find.no error and affirm.
STANDARD OF REVIEW
¶ 3. In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002).
ANALYSIS
¶ 4. In his motion for post-conviction relief, Joshua presents three grounds of relief. However, we find that Joshua’s motion is procedurally barred as a successive writ and should be dismissed.
¶ 5. Following his conviction and sentence, Joshua filed a notice of appeal. This appeal, however, was not perfected and was dismissed in August of 2002. According to documents attached to Joshua’s brief to this Court, 'Joshua filed a motion to reinstate the appeal, and it was denied.
¶ 6. Joshua then filed a motion for post-conviction collateral relief. It was denied by the trial court in February of 2003. No appeal was taken.
¶7. In July of 2003, Joshua filed yet another motion for post-conviction relief. This motion again raised the same issues for consideration by the trial court. The trial court found the motion barred as a successive writ, pursuant to Mississippi Code Annotated Section 99-39-23 (Rev. 2000), and dismissed the motion.
¶ 8. Mississippi Code Annotated Section 99-39-27(9) (Rev.2000) provides that, “[t]he dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive *1064 application under this chapter.” - Because Joshua failed to file a timely appeal after the first petition was denied, his appeal on the successive writ was out-of-time, and he is therefore barred from bringing a successive motion. See Sneed v. State, 722 So.2d 1255 (Miss.1998); Buice v. State, 751 So.2d 1171(Miss.Ct.App.1999). We therefore affirm the decision of the Circuit Court of Harrison County.
¶ 9. Procedural bar notwithstanding, we will address Joshua’s issues. First, Joshua argues that his attorney failed to perfect an appeal through no fault of Joshua. The record indicates that Joshua’s attorney filed a notice of appeal on July 17, 2002. Shortly after filing the notice of appeal, Joshua’s attorney received a letter from the trial court requesting $1,342, within thirty days, in order to cover the cost of the trial transcript. The supreme court dismissed the appeal after Joshua failed to pay the required costs. Following the dismissal of the appeal, Joshua’s attorney advised Joshua to file an out-of-time appeal with the trial court. However, Joshua could not obtain the funds necessary to file the out-of-time appeal. No appeal was taken. Joshua’s failure to perfect an appeal was solely due to his own failure to pay the court costs. Thus, we find this issue tb be without merit.
¶ 10. Second, Joshua argues that he received ineffective assistance of counsel. The standard applied to claims of ineffective assistance of counsel was first articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove ineffective assistance of counsel, Joshua must demonstrate that his counsel’s performance was deficient and that this deficiency prejudiced his defense. Id. at 687, 104 S.Ct. 2052. The burden of proof rests with Joshua. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Joshua contends that his counsel was deficient since he failed to protect Joshua’s right to appeal. However, as discussed above, Joshua’s failure to perfect his appeal was due to his lack of funds and not his attorney’s performance. Joshua" also contends that his attorney failed to properly withdraw from the case. However, the record indicates that Joshua’s attorney properly filed a motion to withdraw with the trial court stating sufficient grounds for withdrawal. Therefore, we find this issue to lack merit.
¶ 11. Finally, Joshua argues that any post-conviction relief submitted prior to this action was not granted because of his lack of knowledge of the law. He further argues that an out-ofitime appeal is the “proper remedy in the interest of justice.” While this may be true, there is no indication in the record that Joshua has filed an out-of-time appeal. In his motion to withdraw, Joshua’s attorney stated that he discussed with Joshua as well as Joshua’s brother, A1 Thomas, about filing an out-of-time appeal. However, Joshua was unáble to pay the costs of filing so no out-of-time appeal was taken. Therefore, we find this issue to lack merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.