741 So.2d 296 (1999)
Otey HOGAN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01486COA.
Court of Appeals of Mississippi.
March 23, 1999.
Melvin C. Ellis, III, Tupelo, Attorney for Appellant.
Office of the Attorney General by Dewitt T. Allred, III, District Attorney, Attorney for Appellee.
BEFORE THOMAS, P.J., LEE, AND SOUTHWICK, JJ.
SOUTHWICK, J., for the Court:
¶ 1. Otey Hogan appeals his convictions in the Monroe County Circuit Court on a single issue, that the trial judge erred in admitting palm print evidence which had been revealed to the defense only five days before the trial. Mr. Hogan alleges that admitting this evidence was a discovery violation. We do not find such an error. We therefore affirm.

*297 FACTS
¶ 2. On the evening of June 5, 1996, Charles and Opel West, an elderly couple living in Aberdeen, Mississippi, were in the living room of their house on Franklin Street. Mr. West was watching television and Mrs. West was doing needle point. Mr. West got up around 8:30 p.m. to get some water for himself and medication for the couple when he was confronted by two intruders in his kitchen. Mr. West was shot almost immediately by the taller of the pair. Both men then shoved him against a china cabinet and took his wallet. Hearing the shot, his wife rushed into the kitchen in a courageous attempt to assist her husband. Mrs. West was also shot but Mr. West was able to break free and head towards the bedroom to get his pistol. Before he could return, however, the two criminals had fled the house. Otey and Walter Hogan were arrested for the incident. The men were tried jointly and convicted on all four counts of the indictment. These were burglary of a dwelling, armed robbery, and two counts of aggravated assault. The court dismissed one of the aggravated assault counts in response to both defendants' motion for a judgment notwithstanding the verdict. This appeal solely involves Otey Hogan.

DISCUSSION

Was hand print evidence allowed at trial admitted in violation of discovery?
¶ 3. Otey Hogan contends that the hand print evidence recovered from the crime scene and admitted as evidence against him at trial should not have been allowed since its existence was not revealed to the defense until five days before the trial. Hogan alleges this prevented an adequate challenge to the validity of the print and hampered his cross-examination of Kenneth Gill who testified as an expert witness for the Mississippi State Crime Laboratory. Hogan maintains that this amounted to trial by ambush as he was genuinely surprised by the hand print evidence and Gill's testimony.
¶ 4. To analyze the significance of the hand-print evidence, we must first note that there were no positive identifications of either perpetrator. One witness testified that both Hogans were very near the crime scene about an hour to an hour and a half before the crime. Another witness positively identified Walter Hogan as lurking behind the victim's house with another individual that afternoon. However, neither victim could identify the assailants beyond a general description of their build and that they were black males. The descriptions were consistent with the Hogans' appearance.
¶ 5. The hand print therefore was a significant piece of evidence. However, the record indicates that the defense never objected to either the introduction of the palm print nor the testimony of Ken Gill as discovery violations. Indeed, the transcript indicates Hogan had no objection to the court's finding Gill to be an expert.
¶ 6. On appeal Hogan asserts that his objection was in the form of an ore tenus motion made in chambers outside of the hearing of the court reporter, an objection that was not added to the record. This Court is not at liberty to presume anything that is not in the record. Hogan had several opportunities to establish a record for review. First, no recorded objection was made before or during the trial. The Mississippi Rules of Evidence in part state:
(a) Effect of Erroneous Ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context....
M.R.E. 103(a).
¶ 7. Secondly, there was no effort after trial to supplement the record. In *298 his motion for a judgment not withstanding the verdict, Hogan stated that "[t]he [trial] Court erred in failing to declare a mistrial when the fingerprint analysis that had not been provided to defense in discovery until 5 (five) days prior to the trial was allowed into evidence thereby prohibiting defense adequate time to employ its own expert." That motion makes no allegation, and there was no affidavit or other form of evidence, pointing out that the issue had previously been raised. The supreme court has "held that error not raised at trial or in post-trial motions may not be reviewed on appeal." Davis v. State, 660 So.2d 1228, 1246 (Miss.1995). This does not mean that issues that were raised in a post-trial motion are thereby subject to appellate review regardless of the absence of a contemporaneous objection at trial. Regarding objections to jury instructions, the court has said, "While certain issues are required to be raised in a motion for new trial, raising objections there which should have been made at trial has never been thought to cure the failure to object at the proper time. Objections to jury instructions made after the jury has returned a verdict and been discharged is simply too late." Barnett v. State, 725 So.2d 797, 801 (Miss.1998).
¶ 8. Barnett cited a civil case for its holding:
It is not permissible to wait until after a verdict has been returned to raise questions such as this after it has turned out that the verdict is unfavorable. It is too late to raise the point for the first time in a motion for a new trial. The trial court may not be put in error where timely request for a ruling has not been made. Timely objections, followed by appropriate and timely motions, are necessary to preserve such points on appeal.
Anderson v. Jaeger, 317 So.2d 902, 907 (Miss.1975).
¶ 9. We find that no timely objection to the introduction of the hand print or Gill's testimony was ever made. Nor can we accept as sufficient the claim by Hogan that an unrecorded objection was in fact made. Establishing the record for appeal is the appellant's responsibility. Winters v. State, 473 So.2d 452, 457 (Miss. 1985). Whether or not the record was supposed to have been supplemented by the court reporter was for Hogan to ensure.
It is too well settled to require extensive citation of authority that an appellant is responsible for bringing to our attention and presenting to this court a record of trial proceedings sufficient to undergird his assignments of error.... Defense counsel offers no excuse for his failure to present a record of the voir dire examination of jurors other than that he (mistakenly) assumed that the proceedings were being taken down by the reporter when in fact they were not. This is insufficient excuse.
Id.
¶ 10. The State is correct that there is no record on which this Court may render appellate review regarding any potential discovery violation resulting from admission of hand print evidence.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS ON COUNT I, ARMED ROBBERY; TWENTY YEARS ON COUNT II, BURGLARY OF A DWELLING HOUSE, TO RUN CONSECUTIVE WITH COUNT I; AND FIFTEEN YEARS ON COUNT IV, AGGRAVATED ASSAULT, TO RUN CONSECUTIVE TO COUNTS I AND II, IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY
McMILLIN, C.J., KING, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.