759 So.2d 511 (2000)
Dedrick MARSHALL, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00187-COA.
Court of Appeals of Mississippi.
May 2, 2000.
Robert N. Brooks, Carthage, Attorney for Appellant.
Office of the Attorney General by John R. Henry Jr., Michael C. Moore, Wayne Snuggs, Attorneys for Appellee.
EN BANC.
*512 KING, P.J., for the Court:
¶ 1. Dedrick Marshall was convicted of armed robbery, kidnapping and second degree arson in the Leake County Circuit Court. He was sentenced to serve a term of thirty years on the robbery charge, a concurrent term of thirty years on the kidnapping charge, and a consecutive term of five years on the second degree arson charge all in the custody of the Mississippi Department of Corrections.
¶ 2. Aggrieved by his convictions and sentences, Marshall has appealed and assigned one point of error: 1) whether he received the effective assistance of counsel.

FACTS
¶ 3. On September 29, 1995, Dedrick Marshall, Henry Payton, Cleon Graves, and Cornelious Belmer drove to a garage near the Bank of Walnut Grove. Armed with chemical agents, Payton allegedly set fire to the garage, intending to deflect attention from the robbery about to take place. Marshall, Graves and Belmer watched from the car as Payton mixed various chemicals together and set the fire. After the fire department arrived, Payton proceeded to the bank. Marshall, Graves and Belmer, disguised with rubber gloves and stocking caps and armed with guns, went inside the bank while Payton remained in the car. The gunmen robbed the bank of over $20,000.
¶ 4. Before the robbers could leave the scene, Payton drove away and police surrounded the building. Marshall and the two accomplices kidnapped the bank president and forced him to drive away in an effort to evade capture by authorities. A high speed chase ensued between the police and the gunmen. The gunmen were captured and arrested following the chase. Marshall confessed to the robbery the next day.
¶ 5. During the trial, the defense indicated that Marshall, being young and naive, participated in the robbery as a result of duress exerted by Payton. On cross, Marshall admitted that he could have abandoned the plan to rob the bank prior to the date it occurred. He also indicated that he participated in the robbery to put money in his pocket.
¶ 6. The jury convicted Marshall of all charges. He was sentenced to serve a term of thirty years on the robbery charge, a concurrent term of thirty years on the kidnapping charge, and a consecutive term of five years on the second degree arson charge in the custody of the Mississippi Department of Corrections. His motion for directed verdict, or in the alternative a new trial, having been denied, he now appeals his convictions and sentences.

ANALYSIS AND DISCUSSION OF THE LAW

I.
¶ 7. Marshall argues on appeal that he should be entitled to a new trial because trial counsel allowed him to testify, knowing that the testimony would prove guilt. Marshall contends that trial counsel (1) failed to establish the affirmative defense of duress announced in the opening statement, (2) failed to advise that he had a right to remain silent without being compelled to give evidence against himself, and (3) failed to advise that truthful testimony would provide no defense and prove guilt.
¶ 8. To establish an ineffective assistance of counsel claim, a party must show (1) a deficiency of counsel's performance that is (2) sufficient to constitute prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Walker v. State, 703 So.2d 266, 268 (Miss.1997). The Mississippi Supreme Court has adopted the Strickland standard of determining ineffective assistance of counsel. Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984). See McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). The burden is on the defendant to demonstrate the Strickland factors to support an ineffective assistance of *513 counsel claim. McQuarter, 574 So.2d at 687. Under Strickland, the totality of circumstances of each case must be considered. McQuarter, 574 So.2d at 687.
¶ 9. Mississippi "recognizes a strong but rebuttable presumption that counsel's conduct falls within a broad range of reasonable professional assistance." Id. To overcome this presumption, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. In addition to the presumption that counsel's conduct is reasonably professional, there is a presumption that counsel's decisions are strategic in nature, rather than negligent. See Handley v. State, 574 So.2d 671, 684 (Miss.1990); Leatherwood v. State, 473 So.2d 964, 968-69 (Miss. 1985).
¶ 10. Trial counsel announced in the opening statement that Marshall's participation in the robbery was due to duress exerted by Payton. On direct, Marshall testified that Payton threatened and coerced him into participating in the robbery. During cross, Marshall indicated that he participated in the robbery to have money in his pocket. Because of Marshall's own admission of participation in the robbery and his stated reasons for committing the robbery, we find no deficiency in trial counsel's opening statement. Even if we were to find counsel's performance in this arena deficient, Marshall has failed to show how omitting the duress charge would have changed the outcome.
¶ 11. The record does not suggest that trial counsel's failure to advise Marshall of his right to remain silent was ineffective assistance. The decision to allow Marshall's testimony appeared to be a matter of trial strategy. Marshall had confessed to his involvement in the crime prior to trial. Being faced with a prior confession by his client, counsel had to address it. He could have attacked the confession or he could have attempted to place it in the light most advantageous to his client. This Court does not generally second guess trial counsel on matters of strategy. Alexander v. State, 503 So.2d 235, 239 (Miss.1987). See King v. State, 679 So.2d 208, 212 (Miss.1996). Marshall has failed to demonstrate that but for counsel's performance, the outcome of these proceedings would have been different, or that he has been prejudiced by counsel's performance.
¶ 12. This Court accordingly finds no merit in this assignment of error.
¶ 13. THE JUDGMENT CIRCUIT COURT OF CONVICTIONS ON COUNT I OF ARMED ROBBERY AND A SENTENCE OF THIRTY (30) YEARS; COUNT II OF KIDNAPPING AND A SENTENCE OF THIRTY (30) YEARS TO RUN CONCURRENTLY TO SENTENCE IN COUNT I; COUNT III OF ARSON AND A SENTENCE OF FIVE (5) YEARS TO RUN CONSECUTIVELY TO THE SENTENCES IN COUNTS I AND II, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.