761 So.2d 934 (2000)
Bryant ROBERTS a/k/a Brian Burrage a/k/a Brian Roberts, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-01439-COA.
Court of Appeals of Mississippi.
June 6, 2000.
Bryant Roberts, Appellant, pro se.
Office of the Attorney General by Charles W. Maris, Jr., Attorney for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND IRVING, JJ.
*935 BRIDGES, J., for the Court:
¶ 1. Bryant Roberts was indicted on January 21, 1998, in the Circuit Court of Kemper County on two counts of sale of cocaine. As the result of a plea bargain arranged with the district attorney's office, Roberts pled guilty to both counts of sale of cocaine on July 22, 1998, in exchange for the dismissal of a third charge and a recommendation for a reduced sentence. On February 5, 1999, Roberts filed a motion for post-conviction relief which was denied on August 9, 1999. Roberts filed his timely appeal to this Court two weeks later alleging reversible error. Quoting verbatim from the appellant's brief, Roberts asserts the following errors
I. ABUSE OF DISCRETION IN JUDGE FAILING TO ENTERTAIN MOTION TO STAY ALL PROCEEDINGS PENDING AMENDMENT OF COMPLAINT
II. ROBERTS INCOMPETENT TO ENTER GUILTY PLEA DUE TO MENTAL HEALTH CONDITIONS AT TIME PLEA WAS ENTERED
¶ 2. After a careful review of the record, this Court cannot hold the lower court in error.

LEGAL ANALYSIS

I. ABUSE OF DISCRETION IN JUDGE FAILING TO ENTERTAIN MOTION TO STAY ALL PROCEEDINGS PENDING AMENDMENT OF COMPLAINT
¶ 3. Under his first assignment of error, Roberts believes the trial judge erred by failing to specifically rule on a "Motion to Stay Proceeding Pending the Amending of Post Conviction" that Roberts allegedly sent through the prison mailing system to be filed on or about June 21, 1999. The official court record does not contain a copy of the pro se motion to stay proceeding. The State argues that there is no proof that any motion was ever filed and that had the trial court considered it, it would have been denied based upon language contained in the order denying post-conviction relief that was entered by the trial court. Our supreme court has spoken on the issue of an appellant relying on evidence not contained in the record in support of arguments requesting reversal:
We have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions. Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them.
Mason v. State, 440 So.2d 318, 319 (Miss. 1983). "We have repeatedly stressed that the necessary transcripts are to be made a part of the record, and that the appellant bears the burden of presenting a record which is sufficient to undergird his assignments of error." Williams v. State, 522 So.2d 201, 209 (Miss.1988). The standard is quite clear. This Court cannot hold the lower court in error based upon the appellant's assertion that the motion was written, delivered and filed in a timely manner.
¶ 4. The statute[1] cited by the trial judge in his order denying post-conviction relief *936 provides considerable leeway for the lower court in reviewing petitions for post-conviction relief. Under subsection one, a trial judge may consider a motion to stay proceedings but not specifically rule on it. So long as all available "files, records, transcripts, and correspondence relating to an attack on the judgment" are considered, then there is no reversible error. In fact, under subsection two, the trial judge may summarily dismiss the motion if he believes that the movant is not entitled to any relief. It is unclear from the record what effect this particular motion had, if any, on the trial judge. Given the wide discretion our trial judges have and the missing motion in the official transcript, it is impossible for this Court to reverse the order based upon the information submitted on appeal.

II. ROBERTS INCOMPETENT TO ENTER GUILTY PLEA DUE TO MENTAL HEALTH CONDITIONS AT TIME PLEA WAS ENTERED
¶ 5. Roberts attacks his competency to enter valid guilty pleas because no psychological examination was conducted prior to his plea hearing with the trial judge. This issue is completely without merit. The trial judge went through a lengthy discourse with the appellant. During their colloquy, the trial judge asked Roberts if he understood the guilty plea agreements and their impact on his freedom and whether or not he understood what the court proceedings meant in relation to disposition of the charges pending against him. Roberts responded affirmatively. The trial judge further asked Roberts's attorney whether she thought the appellant "fully understands what he is doing" and she responded that she did. The trial judge specifically asked Roberts whether he was under the influence of any alcohol or drugs and he responded that he was not. Finally, the trial judge questioned Roberts about his mental health and whether or not he knew the difference between right and wrong. The appellant proclaimed that he had never been treated for mental illness nor been in a mental institution and knew the difference between right and wrong.
¶ 6. The record is replete with evidence that the appellant was, in fact, competent to enter his guilty pleas. There is no justification offered by the appellant through his pleadings nor on the face of the record itself that suggests a competency hearing was necessary. The judgment of the trial court is, hereby, Affirmed.
¶ 7. THE JUDGMENT OF THE KEMPER COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO KEMPER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.
NOTES
[1] Miss.Code Ann. § 99-39-11. Judicial examinations of motion and records

(1) The original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.
(2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
(3) If the motion is not dismissed under subsection (2) of this section, the judge shall order the state to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.
(4) This section shall not be applicable where an application for leave to proceed is granted by the Supreme Court under Section 99-39-27.
(5) Proceedings under this section shall be subject to the provisions of Section 99-19-42.