767 So.2d 261 (2000)
Michael SEALS a/k/a Michael E. Seals a/k/a Michael Eugene Seals a/k/a Bebop, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01091-COA.
Court of Appeals of Mississippi.
June 20, 2000.
Rehearing Denied September 19, 2000.
*262 Tim Wilson, Attorney for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
BEFORE KING, P.J., PAYNE, AND THOMAS, JJ.
KING, P.J., for the Court:
¶ 1. Michael Seals has appealed his conviction of sale of cocaine in the Lauderdale County Circuit Court. The circuit court sentenced Seals to serve a term of thirty years without the possibility of parole in the custody of the Mississippi Department of Corrections. Seals raises the following issue on appeal whether the State should be allowed to introduce evidence on rebuttal that is repetitive of evidence presented in the State's case-in-chief.

FACTS
¶ 2. On the evening of September 10, 1996, Joshua Coleman, an agent of the Meridian-Lauderdale County Drug Task Force, drove Levon Bohannon, a confidential informant, to the home of Michael Seals for the purpose of making an undercover drug buy. Two other agents of the task force performed surveillance of the activity from a distance.
¶ 3. When Coleman and Bohannon arrived in front of Seals home, Coleman blew the horn. Seals approached the vehicle and briefly conversed with Bohannon. Then, Bohannon introduced Seals as "Beebop." Coleman told Seals that he wanted to purchase a $100 piece. Coleman proceeded to pay Seals in official state funds for the substance. After completing the transaction, Coleman drove away. Subsequent test results revealed the substance to be crack cocaine.
¶ 4. Several days after the incident, Coleman identified Seals during a photo line-up. Coleman described Seals as tall with a slender build. Coleman also remembered Seals as having a gold tooth and a dollar sign tattooed on his left cheek. At trial, Coleman testified that he was able to get a good view of Seals's face because Seals was standing near the driver's side window during the transaction. Convicted of sale of cocaine, Seals was sentenced to serve a term of thirty years without the possibility of parole in the custody of the Mississippi Department of Corrections. Seals's motion for judgment notwithstanding the verdict, or in the alternative, a new trial having been denied, he now appeals his conviction and sentence.

ANALYSIS OF THE ISSUE AND THE LAW

I.

Whether the State should be allowed to introduce evidence on rebuttal that is repetitive of evidence presented in the State's case-in-chief.
¶ 5. In his only assignment of error, Seals contends that the State should not have been allowed to introduce rebuttal testimony that was repetitive of testimony presented by the State in its case-in-chief. Seals asserts that the State presented no evidence on rebuttal that could not have been presented in its case-in-chief. Finally, he argues that the State was allowed a second chance to improperly reinforce its *263 case by producing evidence on rebuttal that it had already presented in its case-in-chief.
¶ 6. After the defense rested its case, the State moved to reopen its case to recall Officer Coleman to rebut Nikki Trussell's testimony. Over defense objection, the trial court granted the State's motion. Trussell provided an alibi for Seals's whereabouts on the evening of the alleged drug purchase. Trussell said that Seals had been with her the week beginning September 9, 1996 through September 14, 1996. In fact, Trussell testified that Seals never left her sight during this period. Trussell said that they had been together on September 18, 1996 as well. During rebuttal, Officer Coleman reiterated that he had seen Seals on September 10, 1996 during the drug transaction and added that he had seen Seals again on September 18, 1996. For purposes of this appeal, Seals assigned error to the portion of the record in which the State recalled Officer Coleman to rebut Trussell's testimony. Although Seals properly objected to the admission of this testimony at trial, he failed to address this issue in his motion for new trial or judgement notwithstanding the verdict. If Seals considered this testimony repetitive, he was obligated to include it for reexamination by the trial court in his motion for new trial or judgement notwithstanding the verdict. Because Seals failed to raise the issue as required in his motion for new trial or judgment notwithstanding the verdict, he is procedurally barred from raising this issue for the first time on appeal. Crenshaw v. State, 520 So.2d 131, 134-35 (Miss. 1988). See also Sheffield v. State, 749 So.2d 123 (¶ 10) (Miss.1999); Fleming v. State, 604 So.2d 280, 302 (Miss.1992).
¶ 7. Notwithstanding the finding of a procedural bar in this case, we find the admission of the repetitive testimony on rebuttal to be harmless error. Newsom v. State, 629 So.2d 611, 614 (Miss.1993) (citing Ponthieux v. State, 532 So.2d 1239, 1248 (Miss.1988)).
¶ 8. We find no reversible error and therefore affirm.
¶ 9. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT OF SALE OF COCAINE AND SENTENCE AS AN HABITUAL OFFENDER TO SERVE A TERM OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH NO POSSIBILITY OF PAROLE AND FINE OF $10,000, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.