783 So.2d 769 (2000)
Gregory HENDERSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-CP-01576-COA.
Court of Appeals of Mississippi.
October 31, 2000.
Rehearing Denied January 23, 2001.
Certiorari Denied May 3, 2001.
*770 Gregory Henderson, Appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
BEFORE KING, P.J., LEE, AND MYERS, JJ.
KING, P.J., for the Court:
¶ 1. Gregory Henderson (Henderson) perfected this appeal from an order of the Circuit Court of Hinds County, Mississippi denying his motion to vacate and set aside his sentence. Henderson was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections, with ten years to serve, five years suspended and two years of supervised probation. The following allegations of error are taken verbatim from appellant's brief: (1) that the trial court failed to comply with Rule 3.03 of the Miss. Unif.Crim. R. Cir. Ct. Prac. in that Mr. Henderson was indicted for the crime of attempted car jacking pursuant to § 97-3-117, MCA in count one in Indictment No. 96-2-313; therefore he was not advised of the critical elements of the actual crime he was indicted and charged, but was advised of the elements and facts of armed Robbery pursuant to MCA Sub Section 99-3-79 and sentenced under guidelines of MCA Sub Section 47-7-3, ( 2) Mr. Henderson was denied his right to effective assistance of counsel, and (3) His Fourth (4th) Amendment U.S. constitutional rights were violated when the arresting authorities failed to produce an arrest warrant.

FACTS
¶ 2. The Grand Jury of Hinds County indicted Henderson on one count of attempted car jacking and one count of possession of a firearm by a convicted felon. Henderson pled guilty to attempted car jacking. In consideration of a guilty plea to car jacking, the State agreed to nolle prosequi the firearm possession charge. Henderson was sentenced to a fifteen year sentence with ten years to serve, five years suspended and two years of supervised probation.
*771 ¶ 3. Three years later Henderson moved the Hinds County Circuit Court to vacate and set aside his conviction and sentence. The motion was denied. Henderson, aggrieved by the court's ruling, perfected this appeal.

ANALYSIS AND DISCUSSION OF THE LAW
¶ 4. While Henderson has raised several issues as error, he has failed to designate a transcript and other supporting documents to serve as a factual foundation of his appeal. It is the appellant's responsibility to provide this Court the record in support of the issues raised. Robinson v. State, 662 So.2d 1100, 1104 (Miss.1995). Henderson attached to his brief an uncertified copy of his plea hearing transcript. A transcript merely appended to a brief does not properly place the record before the court. Roussel v. Hutton, 638 So.2d 1305, 1319 (Miss.1994). The Mississippi Supreme Court has consistently held that decisions are based on the "facts shown in the record, not assertions in the brief." Roberts v. State, 761 So.2d 934 (¶ 3) (Miss.Ct.App.2000); see Puckett v. Stuckey, 633 So.2d 978, 982 (Miss.1993); Colenburg v. State, 735 So.2d 1099 (¶ 6) (Miss.Ct.App.1999). "Facts asserted to exist must and ought to be definitely proved and placed before [the Court] by a record, certified by law; otherwise, we cannot know them." Mason v. State, 440 So.2d 318, 319 (Miss.1983). When no proper record is submitted, this Court will not place the trial court in error based merely upon assertions in appellant's brief.
¶ 5. The State also argues that a scrivener's error occurred in the preparation of Henderson's sentencing order. The State now asks this Court for permission to correct the error. However, the State has also failed to place before this Court records sufficient to determine whether such an error occurred. Without a proper record, this Court is unable to determine whether there is merit to claims presented by either the State or Henderson.
¶ 6. THE ORDER OF THE CIRCUIT COURT OF HINDS COUNTY DENYING APPELLANT'S MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. HINDS COUNTY IS TAXED WITH ALL COSTS OF THIS APPEAL.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.