818 So.2d 1196 (2002)
Andrew Lee DAY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01303-COA.
Court of Appeals of Mississippi.
March 19, 2002.
Rehearing Denied June 11, 2002.
*1199 Carl L. Souser, Gulfport, attorney for appellant.
Office of the Attorney General, by Wayne Snuggs, attorney for appellee.
Before KING, P.J., IRVING, and BRANTLEY, JJ.
KING, P.J., for the Court.
¶ 1. Andrew Lee Day was convicted of the sale or transfer of a controlled substance by the Circuit Court of Harrison County and sentenced to twenty years in the custody of the Mississippi Department Corrections. Aggrieved, Day has appealed and raised three issues which we cite verbatim:
I.
The Defendant's Trial Counsel was ineffective;
II.
The Court erred in denying Defendant's motion to exclude the admission of the State's Exhibit 1, the substance and the testimony of Alison Smith, Mississippi Crime Lab. The State failed to establish a legal and sufficient chain of custody;
III.
The sentence was an abuse of the Court's sentencing discretion and was disproportionate to the crime and as such constitutes cruel and inhuman treatment in violation of the Eighth Amendment.

FACTS
¶ 2. On February 13, 1998, the Costal Narcotics Enforcement Team (CNET) conducted an undercover narcotics operation. Kevin Brazil was the undercover officer involved in the drug transactions. Robert Young was the case agent who oversaw the operation: distributing the money, recording the transactions and securing and labeling the evidence recovered. Officer Brazil drove a truck equipped with an audio transmitter and a video recorder. A man, identifying himself as "Red," and later identified as Andrew Lee Day, met with Officer Brazil. On February 13, 1998, Day was recorded in the vehicle with Officer Brazil on three occasions. On the last occasion, Day produced something from his mouth. Because of a power failure, the video recorder did not capture any exchange between Day and Brazil. Officer Brazil turned the substance over to Officer Young who bagged and labeled it. Later, the substance was transported to the crime lab for drug analysis. Allison Smith, a forensic scientist with the Mississippi Crime Laboratory in Gulfport, testified that the substance was cocaine.
¶ 3. On October 28, 1998, Day was indicted in the Circuit Court of the Second Judicial District of Harrison County for transfer of a controlled substance, in violation of Miss.Code Ann. § 41-29-139(1) (Rev.2001). On February 1, 1999, Day *1200 waived arraignment and entered a plea of not guilty.
¶ 4. At Day's trial, begun on March 9, 1999, the State offered the testimony of Officers Brazil and Young, and Allison Smith. Brazil and Young testified regarding the audio and visual recordings of the transaction between Officer Brazil and Day and the disposition of the substance alleged to have been attained from Day. Both acknowledged that there was no visual recording of an exchange of money for drugs. However, Brazil testified that he purchased cocaine from Day. Allison Smith of the State Crime Lab at Gulfport testified as to the receipt of a substance for analysis which proved to be cocaine.
¶ 5. Day's counsel objected to the admissibility of the videotape and the drug and its chemical analysis. After presentation of the State's case-in-chief, Day moved for a directed verdict based upon the "State's failure to establish a prime facie case of transfer of a controlled substance because the recording [did] not show a hand to hand transaction." This motion was denied.
¶ 6. Day then rested without calling any witnesses. The jury found Day guilty of "sale or transfer of a controlled substance, to wit, cocaine."
¶ 7. During sentencing, Day's counsel argued that the proof failed to establish that Day was a drug dealer, and that the trial court should reserve "the upper limits [of sentences] should be left for those who commit the more egregious crimes." Day was sentenced to twenty years in the custody of the Mississippi Department of Corrections.
¶ 8. On December 17, 1999, the court denied Day's motion for a new trial and allowed substitution of appellate counsel.

I.

Whether the Defendant's trial counsel was ineffective.
¶ 9. Day alleges that his trial counsel was ineffective thereby depriving him of a fair trial. He alleges that this ineffectiveness manifested itself in his counsel's failure to prepare and investigate prior to trial; the failure to make pre-trial motions; the failure to obtain or review discovery; the failure to meet with Day except on two occasions prior to trial; the failure to object to the prosecution's presentation of Day's prior convictions and pending charges during sentencing; and the failure to offer mitigating circumstances during the sentencing.
¶ 10. To establish a prime facie case of ineffective assistance of counsel, the defendant has the burden to demonstrate (1) that the performance of counsel was deficient and (2) that the defendant was prejudiced by counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984). See also McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). In judging counsel's effectiveness, the totality of circumstances of each case must be considered. McQuarter, 574 So.2d at 687.
¶ 11. This totality of circumstances must be considered in conjunction with the "strong but rebuttable presumption that counsel's conduct falls within a broad range of reasonable professional assistance." Id. The presumption is overcome if the defendant demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence *1201 in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. "In addition to the presumption that counsel's conduct is reasonably professional, there is a presumption that counsel's decisions are strategic in nature, rather than negligent." Marshall v. State, 759 So.2d 511(¶ 9) (Miss. Ct.App.2000).
¶ 12. We have divided Day's allegations of ineffective assistance of counsel into two categories: (1) counsel's actions prior to trial and (2) counsel's actions during trial.

Counsel's actions prior to trial
¶ 13. Day tells this Court that counsel should have (1) investigated the case prior to trial, (2) made pre-trial motions, (3) obtained discovery, and (4) met with him with greater frequency prior to trial. He suggests that had these things been done, his attorney would have known that a proper chain of custody was not established on the cocaine.
¶ 14. There is no merit to this suggestion. A sufficient chain of custody was established through the testimonies of Brazil, Young and Smith. Unless there is reason to believe that the evidence offered has been tampered with, or is otherwise not the same, it is not necessary to call each and every person who handled it. Ormond v. State, 599 So.2d 951, 959 (1992). Indeed, Day's attorney raised this issue, and it was properly overruled by the trial court.
¶ 15. The Mississippi Supreme Court has determined "that the fact that [defendant's] attorney conferred with him only once does not, in and of itself, establish ineffective assistance of counsel." Walker v. State, 703 So.2d 266(¶ 9) (Miss. 1997). The court held in Harveston v. State, 597 So.2d 641, 642 (Miss.1992), that "complaints of ineffective assistance of counsel, because [an] attorney failed to make pretrial investigation and to spend more time with [client], are insufficient as a matter of law." Therefore, Day's claim of ineffective assistance of counsel based on the counsel's failure to meet more often with him is without merit.
¶ 16. In Powell v. State, 536 So.2d 13, 16 (Miss.1988), the court held that "the mere fact that the attorney did not file a motion for discovery is not sufficient to raise an ineffective assistance of counsel claim." The Powell court determined that "`the filing of pre-trial motions falls squarely within the ambit of trial strategy.'" Id. (quoting Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984)). This Court does not normally, and will not do so here, second guess counsel's trial strategy. Marshall, 759 So.2d at (¶ 11).

Counsel's actions during trial
¶ 17. Day contends that admission of evidence of his prior convictions and other charges at sentencing were improper, and subject to objection. However, Day has failed to present authority to establish that the presentation was objectionable and therefore improper for the court to consider. This Court does not generally address alleged error which is unsupported by citation to proper authority. Taylor v. State, 744 So.2d 306 (¶ 46) (Miss.Ct.App.1999).
¶ 18. Day asserts that his counsel should have offered mitigating evidence during sentencing. However, Day fails to inform this Court what, if any, mitigating factors existed that might have been argued by his counsel. The record establishes that Day's counsel stated: "the upper limits should be left for those who commit the more egregious crimes. Not to say that selling cocaine is not an egregious crime, but Your Honor, we're talking about one rock of cocaine." This remark appears to be an effort at mitigation. Day fails to establish what other evidence could have been offered in mitigation.
*1202 ¶ 19. Our review of the record indicates that counsel's performance remained "within the wide range of reasonable conduct." McQuarter, 574 So.2d at 687.

II.

Whether the Court erred in denying Defendant's motion to exclude the admission of the State's Exhibit 1, the substance and the testimony of Alison Smith, Mississippi Crime Lab. The State failed to establish a legal and sufficient chain of custody.
¶ 20. In his second assignment of error Day attacks the sufficiency of the chain of custody of the substance identified as cocaine. He suggests that there are breaks in the chain which make receipt of the evidence unreliable. At trial Day argued that the chain of custody was broken by the failure to present the testimony of (1) the party transporting the drug to the lab and (2) the person receiving the drug at the lab.
¶ 21. The record contains testimony, without objection, as to the transportation and receipt of the cocaine. That testimony was sufficient to establish the chain of custody. Ormond, 599 So.2d at 959. As a part of the chain of custody, Day also questions the condition of the cocaine. He suggests that the officers testified to the receipt of a rock of cocaine, while that received by the lab and offered into evidence was crushed.
¶ 22. The record reflects that the substance to be identified by the lab was sealed and marked for identification. When it was received at the lab, the seal and the identifying marks were intact, and showed no signs of tampering. In the absence of an indication of tampering, the trial court correctly admitted the evidence.
¶ 23. "The chain of custody of evidence in the control of the authorities is usually determined within the sound discretion of the trial judge, and unless this judicial discretion has been so abused as to be prejudicial to the defendant, this Court will not reverse the rulings of the trial court." Bruce v. State, 746 So.2d 901(¶ 54) (Miss.Ct.App.1999) (quoting Nixon v. State 336 So.2d 742, 744 (Miss.1976)). There is a presumption of regularity favoring chain of custody conducted by police officers. Barnes v. State, 763 So.2d 216(¶ 16) (Miss. Ct.App.2000).
¶ 24. Where the State has produced evidence as to the chain of custody and the improbability of tampering, the burden shifts to the party opposing the evidence to establish that it has been tampered with. Williams v. State, 794 So.2d 181(¶ 10) (Miss.2001). Day has failed to meet that burden.
¶ 25. Day seeks to expand his attack on the chain of custody by presenting for the first time on appeal matters not offered at trial. This Court will not review evidence for the first time on appeal. Hogan v. State, 741 So.2d 296(¶ 7) (Miss.Ct. App.1999). The parties have an obligation to first present all relevant evidence to the trial court; the failure to do so precludes this Court's consideration of that information. Walker v. State, 671 So.2d 581, 591-92 (Miss.1995).
¶ 26. "The Mississippi Supreme Court has consistently held that decisions are based on the `facts shown in the record, not assertions in the brief.'" Henderson v. State, 783 So.2d 769(¶ 4) (Miss.Ct.App.2001). "Facts asserted to exist must and ought to be definitely proved and placed before [the Court] by a record, certified by law; otherwise, we cannot know them." Mason v. State, 440 So.2d 318, 319 (Miss.1983). "When no proper record is submitted, this Court will not place the trial court in error based merely upon assertions in appellant's brief." Henderson 783 So.2d at (¶ 4).

*1203 III.

Whether Day's sentence was an abuse of the Court's sentencing discretion and was disproportionate to the crime and as such constitutes cruel and inhuman treatment in violation of the Eighth Amendment.
¶ 27. This last assignment of error was not presented to the trial court and is therefore procedurally barred. Smith v. State, 729 So.2d 1191 (¶ 173). Nonetheless, this Court has reviewed the record and finds no merit in this argument. Day alleges that the trial court abused its discretion by imposing a sentence that was disproportionate to the crime charged. Day argues that his sentence is unfair compared to other cases in other jurisdictions and because he is a first time drug offender, and the quantity of cocaine was small. In support of his argument, Day cites Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), that his sentence was grossly disproportionate to the crime he committed and therefore violates the Eighth Amendment right against cruel and inhuman punishment.
¶ 28. As a general rule, this Court will not disturb a sentence so long as it does not exceed the maximum term authorized by statute. Williams v. State, 784 So.2d 230(¶ 13) (Miss.Ct.App.2001). This Court reviews the proportionality of a sentence under the Eighth Amendment using the three-prong analysis set out in Solem, 463 U.S. at 290-92, 103 S.Ct. 3001. Williams, 784 So.2d at (¶ 14). Nevertheless, the Solem analysis is applicable "only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of `gross disproportionality.'" Williams, 784 So.2d at (¶ 15). (citing Smallwood v. Johnson, 73 F.3d 1343, 1347 (5th Cir.1996)).
¶ 29. This Court does not address the Solem three-prong analysis absent an initial showing of gross disproportionality. Sentencing is thus left within the sound discretion of the trial court and will not be disturbed if it falls within the statutory options. Id. at (¶ 12).
¶ 30. The punishment for Day's violation is covered by Mississippi Code Annotated § 41-29-139(b)(1) (Rev.2001), which provides
In the case of controlled substances classified in Schedule I or II, as set out in Sections 41-29-113 and 41-29-115, except one (1) ounce or less of marihuana, and except a first offender as defined in Section 41-29-149(e) who violates subsection (a) of this section with respect to less than one (1) kilogram but more than one (1) ounce of marihuana, such person may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00), or both....
The statutory maximum sentence is thirty years and up to one million dollar fine. Day received a sentence of twenty years and no fine. Day's sentence was under the statutory maximum and not on its face disproportionate to the offense. Since there is no showing of gross disproportionality, the Solem three-prong analysis is inapplicable to the case at bar.
¶ 31. THE JUDGMENT OF THE SECOND JUDICIAL DISTRICT CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF SALE OR TRANSFER OF COCAINE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL IS ASSESSED TO HARRISON COUNTY.
*1204 McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.