¶ 1. Mark Rodriguez Alonso appeals the decision of the Harrison County Circuit Court convicting him of aggravated assault. Alonso raises the following issues in this appeal, which we cite verbatim:
 I. The State indicted defendant under Section 97-3-7(2)(b), but aggravated assault with use of only the hands is properly brought under Section 97-3-(2)(a) where the elements of proof differ.
 II. State instruction #9 (S-1A) submitted to the jury was inadequate and improper in that it failed to properly describe the elements of aggravated assault under Section 97-3-7(2)(b) and further idicated [sic] that simply using fists in striking another is a means likely to produce death or serious bodily harm, per se.
 III. Section 97-3-7-(2)(b) of the Mississippi Code is unconstitutionally vague because it does not make a distinction between "serious bodily injury" and "bodily injury" and does not define "serious bodily harm."
 IV. The trial court erred in allowing the surgeon who treated the victim to testify as to the meaning of a legal term, "serious bodily injury," thereby invading the province of the jury.
 V. Defendant did not receive due process and a fair trial due to ineffective assistance of counsel.
 VI. The court erred in failing to sustain defendant's motion for a directed verdict and/or for a judgment notwithstanding the verdict of the jury and was against the overwhelming weight of the evidence.
 FACTS
¶ 2. Alonso married Bertha Nell Martensen in 1988. The couple divorced in 1993. Both Alonso and Martensen lived in Long Beach, Mississippi and worked at NAVOCEANO at the Stennis Space Center. After the divorce, Alonso and Martensen continued to have an intimate relationship. Alonso frequently visited Martensen at her residence.
¶ 3. On September 14, 1998, Alonso stopped by Martensen's house before going to work. Martensen left home to go to *Page 312 
Goodyear followed by Alonso. While Martensen talked to a Goodyear technician, Alonso interrupted and stated he would fix her car. Martensen rejected his offer. After leaving Goodyear, Martensen returned home and found Alonso's car parked in her driveway. However, Alonso had left with Martensen's neighbor.
¶ 4. When Alonso returned he entered Martensen's house by a door left unlocked by Martensen's daughter, Gina. Alonso entered the bathroom where Martensen was taking a shower. After her shower, Martensen began to dress for work. At some point an altercation arose between Alonso and Martensen. During the altercation, Martensen was choked to unconsciousness and received injuries to her neck and face.
¶ 5. On March 18, 1999, Alonso was indicted for aggravated assault on Martensen. In a trial on December 5, 2000, Martensen testified that in September of 1998 she was choked and punched by Alonso. Several witnesses, including Martensen's daughter and Martensen's neighbor, stated that in September 1998 they saw Martensen running from her bedroom beaten and bloody. Dr. Beauford Moore, a plastic surgeon, testified about Martensen's injuries and their treatment.
¶ 6. Alonso admitted to having punched Martensen in the face. He explained his actions were in self-defense to protect himself from Martensen, who had a gun.
¶ 7. On December 6, 2000, a jury found Alonso guilty of aggravated assault. He was sentenced to five years with four years suspended and one year to serve in the custody of the Mississippi Department of Corrections.
 DISCUSSION I. Whether the State indicted defendant under Section 97-3-7(2)(b), but aggravated assault with use of only the hands is properly brought under Section 97-3-(2)(a) where the elements of proof differ.
 II. Whether State instruction #9 (S-1A) submitted to the jury was inadequate and improper in that it failed to properly describe the elements of aggravated assault under Section 97-3-7(2)(b) and further idicated [sic] that simply using fists in striking another is a means likely to produce death or serious bodily harm, per se.
 III. Whether Section 97-3-7-(2)(b) of the Mississippi Code is unconstitutionally vague because it does not make a distinction between "serious bodily injury" and "bodily injury" and does not define "serious bodily harm."
¶ 8. Alonso's first three issues are raised for the first time on appeal, and therefore have not been properly preserved for appellate review. The failure to first present a matter to the trial court for determination, serves as a procedural bar to its consideration on appeal. Bogan v. State, 754 So.2d 1289 (¶ 19) (Miss.Ct.App. 2000)."It is well-settled law that a trial court will only be put in error for a matter brought to his attention." Trollinger v. State, 748 So.2d 167
(¶ 15) (Miss.Ct.App. 1999). Matters not asserted at trial are waived. Smith v. State, 724 So.2d 280 (¶ 168) (Miss. 1998).
¶ 9. Accordingly, this Court invokes the procedural bar and holds that these matters are not properly before it.
 IV. Whether the trial court erred in allowing the surgeon who treated the victim *Page 313 to testify as to the meaning of a legal term, "serious bodily injury," thereby invading the province of the jury.
¶ 10. The failure to preserve a matter by motion for new trial or JNOV may also serve as a procedural bar to its consideration by an appellate court. Seals v. State, 767 So.2d 261 (¶ 6) (Miss.Ct.App. 2000). While Alonso objected to the testimony of Dr. Moore, he did not include in his motion for a new trial or JNOV, that this testimony was admitted in error. He is therefore procedurally barred from raising this issue for the first time on appeal.
¶ 11. Notwithstanding the procedural bar, this issue lacks merit. As an expert medical witness pursuant to M.R.E. 702, Dr. Moore, is allowed to offer an opinion as to whether Martensen had sustained "serious bodily injury."
 V. Whether the Defendant did not receive due process and a fair trial due to ineffective assistance of counsel.
¶ 12. The fifth issue for this Court's review is whether Alonso received effective assistance of counsel. Alonso argues that his trial counsel was ineffective thereby depriving him of due process of law and a fair trial. He complains that his counsel failed to object to an improper indictment, failed to object to an improper jury instruction, failed to object to the unconstitutional vagueness of Mississippi statute97-3-7(2)(b), and failed to object to prejudicial testimony. The substance of these issues is the same as the substance of those issues that were not preserved at trial, and thereby subject to a procedural bar. However, to the extent these issues touch upon the effective assistance of counsel, this Court will address them.
¶ 13. To establish a prima facie case of ineffective assistance of counsel, the defendant has the burden of demonstrating (1) that the performance of counsel was deficient and (2) that the defendant was prejudiced by counsel's deficient performance. Strickland v. Washington,466 U.S. 688, 687 (1984); Stringer v. State, 454 So.2d 468, 476-77 (Miss. 1984).
¶ 14. In judging counsel's performance, this Court considers the totality of the circumstances. McQuarter v. State, 574 So.2d 685, 687 (Miss. 1990), and in so doing accords to counsel a "strong but rebuttal presumption that counsel's conduct falls within a broad range of reasonable professional assistance."Id. "To overcome this presumption, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"Marshall v. State,759 So.2d 511 (¶ 9) (Miss.Ct.App. 2000) (quoting Strickland, 466 U.S. at 694). "In addition to the presumption that counsel's conduct is reasonably professional, there is a presumption that counsel's decisions are strategic in nature, rather than negligent." Marshall, 759 So.2d at (¶ 9). In sum, "counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy." Scott v. State,742 So.2d 1190 (¶ 14) (Miss.Ct.App. 1999). Alonso has failed to demonstrate the likelihood of a different outcome had counsel performed in a different manner. This failure precludes a finding of ineffective assistance of counsel.
 VI. Whether the court erred in failing to sustain defendant's motion for a *Page 314 directed verdict and/or for a judgment notwithstanding the verdict of the jury and was against the overwhelming weight of the evidence.
¶ 15. In his last assignment of error, Alonso argues that the trial court should have granted his motion for a directed verdict, or failing in that should have granted a JNOV. Both the motion for directed verdict and JNOV challenge the sufficiency of the evidence, and are properly reviewed when last made. Williams v. State, 749 So.2d 159
(¶ 7) (Miss. 1999).
¶ 16. In doing so, this Court reviews the evidence in the light most favorable to the verdict, and accords to the prosecution the benefit of all reasonable and favorable inferences which are supportable by the evidence. Clay v. State, 811 So.2d 477 (¶ 7) (Miss. 2002). The issue of the weight and credibility accorded to evidence is a matter to be resolved by the jury, whose province is not invaded by this Court. Id. If after having done these things, this Court is lead to the inescapable conclusion that no reasonable and fairminded juror could have found the defendant guilty, this Court is obligated to reverse the conviction. Id.
¶ 17. When Alonso's motion was made, the primary evidence supporting the verdict was the testimony of Martensen and Dr. Moore. Martensen testified that Alonso, without provocation, severely beat and choked her into a state of unconsciousness. Dr. Moore testified that Martensen's injuries were medically serious.
¶ 18. The primary evidence in opposition to the verdict was that of Alonso, who acknowledged striking Martensen, but claimed it was in self-defense.
¶ 19. The jury apparently believed Alonso's acknowledgment that he struck Martensen, but found incredible his assertion that it was done in self-defense.
¶ 20. There was clearly substantial credible evidence upon which the jury could and did find that Alonso assaulted Martensen. There is no credible basis upon which this Court can find the verdict of guilty to be contrary to the evidence.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OFCONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIVE YEARS WITH FOURYEARS SUSPENDED ON POST-RELEASE SUPERVISION LEAVING ONE YEAR TO SERVE INTHE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. THECOSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS,CHANDLER AND BRANTLEY, JJ., CONCUR.